# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARGARET WEATHERLY,**

      **Plaintiff,**

**v.**                                     **Case No. 8:16-cv-1269-T-27CM**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the**
**Social Security Administration,**

      **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 20), recommending that the Commissioner's decision denying Plaintiff's claim for disability, disability insurance benefits, and supplemental security income be affirmed. Plaintiff filed objections (Dkt. 21), to which the Commissioner responded (Dkt. 22). After a review of the findings to which no objection has been made for plain error and a *de novo* review of the legal conclusions, I agree with the Magistrate Judge that the Administrative Law Judge ("ALJ") applied the correct legal standards and her decision is supported by substantial evidence. Accordingly, the objections are overruled, the Report and Recommendation is adopted, and the Commissioner's decision is affirmed.

## I.  PLAINTIFF'S OBJECTIONS

Plaintiff does not object to specific findings or conclusions in the Report and Recommendation. (Plaintiff's Objections and Request for Oral Argument, Dkt. 21). Rather, Plaintiff makes a general objection that "Defendant Commissioner's decision is not based on substantial evidence because no reasonable person would find that the evidence in this matter supports a finding

that Plaintiff Weatherly would be able to maintain employment on a full-time basis eight (8) hours a day five (5) days a week." (Dkt. 21). Plaintiff requests *de novo* review, requests oral argument, and purports to adopt "her original memorandum in this matter, as if set forth fully herein." (*Id.*).

## II.   STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, factual findings are reviewed for plain error. *Id.* at § 636(b)(1)(C), *Dupree v. Warden*, 715 F.3d 1295, 1300-01 (11th Cir. 2013). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (per curiam) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982) (per curiam)); *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (per curiam).

An administrative law judge's decision is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam), and if the decision as a whole is supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id.* (internal quotation marks and citations omitted). Legal conclusions of the administrative law judge, however, are reviewed *de novo*. *Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III.    DISCUSSION

There is a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)). The first three steps evaluate whether (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, and (3) the impairment meets or equals the severity of the specified impairments in the Listing of Impairments. *Id.* The fourth step asks whether, based on the claimant's residual functional capacity ("RFC") assessment, the claimant can perform any of her past relevant work despite the limitations caused by her impairments. *Id.* At the fourth step, the administrative law judge considers "all the relevant medical and other evidence" in the case record to determine the claimant's RFC. *Phillips*, 357 F.3d at 1238 (quoting 20 C.F.R. § 404.1520(e)). The claimant bears the burden of establishing that she cannot perform her past relevant work based on her RFC. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the claimant establishes that she cannot perform her past relevant work, the burden shifts to the administrative law judge at the fifth step to determine whether there are significant numbers of other jobs in the national economy the claimant can perform, given her RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178; *Jones*, 190 F.3d at 1228.

The ALJ determined, as to steps one through three, that Plaintiff had not been engaged in substantial gainful activity and she has severe impairments including "disorders of the spine; chronic obstructive pulmonary disease; bipolar disorder, with mixed features and anxious distress; and, cocaine and cannabis use disorders, with fragile sobriety," but her impairments do not meet or medically equal the severity of listed impairments (Decision, Dkt. 14-2 at pp. 20-21). The ALJ further concluded at step four that she is capable of performing her past relevant work as an

admitting officer and bakery worker because such work does not require the performance of activities precluded by her RFC. (*Id.* at p. 28). The Magistrate Judge recommended, after a thorough review of the ALJ's findings and conclusions, that the decision of the ALJ be affirmed. (Report and Recommendation, Dkt. 20).

### A. Factual Findings Are Reviewed for Plain Error and Legal Conclusions Are Reviewed De Novo Because Plaintiff Failed to Make Specific Objections

As noted, Plaintiff failed to pinpoint specific findings or conclusions in the Report and Recommendation that she deems objectionable. *See United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (per curiam) ("After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). Rather, she generally objects that the Commissioner's decision was not supported by substantial evidence. (Plaintiff's Objections and Request for Oral Argument, Dkt. 21). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th. Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982)).[1] Plaintiff's purported adoption of her original memorandum is not an effective objection. Her memorandum predates the Report and Recommendation, and therefore cannot serve as an objection to the findings and conclusions that the Magistrate Judge made later.

Because Plaintiff has not made specific objections to the Report and Recommendation, factual findings are reviewed for plain error and legal conclusions are reviewed *de novo*. *Dupree*, 715

---

[1] *Nettles v. Wainwright* has binding effect in the Eleventh Circuit. *Schultz*, 565 F.3d at 1360 n.4.

F.3d at 1300-01; *LeCroy*, 397 F. App'x at 556. The Magistrate Judge concluded that the ALJ properly accorded little weight to an opinion of Dr. Elzbieta J. Chobot-Sochet, one of Plaintiff's treating physicians, and that the ALJ properly determined based on her RFC that she is capable of performing her past relevant work. (Report and Recommendation, Dkt. 20). The ALJ's decisions on these points will be affirmed if the legal conclusions are correct and the decisions are supported by substantial evidence. While determining whether substantial evidence supports the ALJ's conclusions, the ALJ's factual findings are entitled to great deference. *See Hunter v. Social Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015).

**B.    *The ALJ's Findings Relating to Dr. Chobot-Sochet, Plaintiff's Treating Physician***

Substantial evidence supports the ALJ's decision to accord little weight to Dr. Chobot-Sochet's opinion that Plaintiff is unemployable because of her mental impairments. Dr. Chobot-Sochet is one of Plaintiff's treating physicians. (Treatment Records of Bay Pines VA Hospital, Dkt. 14-12 at p. 753). An ALJ must "state with particularity the weight given to different medical opinions, and the reasons therefore." *Winschel*, 631 F.3d at 1179. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) ("[A]bsent 'good cause,' the opinion of a claimant's treating physician must be accorded 'substantial' weight.").

" '[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the]

reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41). The ALJ " 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error.' " *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).

Plaintiff began receiving psychiatric treatment from Dr. Chobot-Sochet in November 2013. (Treatment Records of Bay Pines VA Hospital, Dkt. 14-12 at p. 753). Dr. Chobot-Sochet opined in November 2014, January 2015, and September 2015, that Plaintiff was unemployable because of her mental impairments. (*Id.*, Dkt. 14-10 at p. 498, Dkt. 14-23 at p. 1464, Dkt. 14-27 at p. 1746). Her September 2015 opinion indicates symptoms of unspecified bipolar and related disorder, anxious distress, nervousness, agitation, inability to function, tenseness, startling easily, depression, low energy, low motivation, oversleeping, and poor self grooming. (*Id.*, Dkt. 14-27 at p. 1746). However, she indicated that medication side effects may have caused some of those symptoms. (*Id.*). In conclusion, Dr. Chobot-Sochet opined that Plaintiff "is not able to concentrate on one topic and task and she cannot get along with people," and that "[d]ue to her psychopathology [i]t is my professional opinion that she is unemployable now and in the future." (*Id.*).[2]

The ALJ rejected Dr. Chobot-Sochet's opinion that Plaintiff's mental impairments prevented her from employment. First, the ALJ noted that determinations regarding disability or inability to work are reserved to the Commissioner, not treating physicians. (Decision, Dkt. 14-2 at p. 27) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). The ALJ found that Dr. Chobot-Sochet's opinion that

---

[2] As noted, Dr. Chobot-Sochet opined that Plaintiff's mental impairments caused her unemployability. (Treatment Records of Bay Pines VA Hospital, Dkt. 14-27 at p. 1746). Based on the record, none of Plaintiff's treating physicians ever opined that her physical impairments were severe enough to be disabling. Review of the ALJ's own findings and conclusions relating to Plaintiff's physical impairments reveals no error with her conclusion that Plaintiff's disorders of the spine and COPD were not disabling. (Decision, Dkt. 14-2 at p. 26).

Plaintiff cannot get along with people is contradicted by other evidence and her own treatment records. (*Id.*). The ALJ further found that neither the evidence nor Dr. Chobot-Sochet's treatment records support her opinion that Plaintiff cannot concentrate on even one topic or task. (*Id.*).

The ALJ identified substantial evidence contradicting Dr. Chobot-Sochet's opinions. *Phillips*, 357 F.3d at 1241. As explained in great detail by the ALJ, the record shows Plaintiff's ability to manage the affairs of her life and get along with others, including by successfully applying for and receiving a Pell Grant, pursuing financial assistance from charities, managing a budget for tuition and living expenses, performing well in school, traveling, and maintaining a relationship with her girlfriend. (Decision, Dkt. 14-2 at pp. 23-25).[3] Further, her medical records show that during some of the times when she exhibited impaired mental processes, either her chronic cocaine and marijuana use, a failure to take her prescribed medication, a failure to comply with her treatment plan, or some combination of those three issues caused or exacerbated her problems. (*Id.* at p. 24). In short, review of the medical evidence reveals no plain error with the ALJ's finding of Plaintiff's general capacity to maintain normal functional abilities despite some mental impairments caused by affective and substance abuse disorders. (*Id.* at p. 24).

There is also substantial evidence in support of the ALJ's determination that Dr. Chobot-Sochet's opinion was conclusory and unsupported by her own treatment records.[4] Because a

---

[3] The record indicates an incident on February 17, 2015 where Plaintiff had an "outburst" in class. (Treatment Records of CW Bill Young VAMC, Dkt. 14-22 at pp. 1442-43). She stated that she yelled at everyone in class to be quiet because she tried to ask the instructor a question and could not hear his response. (*Id.*). She was not physical, did not threaten anyone, and denied using profanity. (*Id.*). As noted by the ALJ, that minor outburst was the only incident in the nearly three years that Plaintiff had been attending school, and therefore does not controvert the greater weight of evidence showing her abilities to succeed in school and function in her personal life. (Decision, Dkt. 14-2 at p. 25).

[4] The Magistrate Judge described, in thorough detail, the history of Dr. Chobot-Sochet's treatment of Plaintiff from the first visit on November 25, 2013 to last visit on September 23, 2015. (Report and Recommendation, Dkt. 20 at pp. 6-19). That analysis is adopted in this Order.

determination regarding a claimant's ability to work is a legal conclusion reserved for the Commissioner, and not the proper subject of a medical opinion, Dr. Chobot-Sochet's conclusory opinion regarding Plaintiff's ability to work is not entitled to deference. *See* 20 C.F.R. §§ 404.1527(d); 416.927(d); *see also Hutchinson v. Astrue*, 408 F. App'x 324, 328 (11th Cir. 2011) (per curiam) ("[W]hether [the plaintiff] could hold a job is a vocational opinion, not a medical one. That question is reserved to the ALJ.").

Notwithstanding Dr. Chobot-Sochet's attempt to opine on matters reserved to the Commissioner, the substance of her opinion is not well supported by her own treatment records. Dr. Chobot-Sochet's psychiatric records for Plaintiff show that although she sometimes exhibited a slightly pressured rate of speech, lack of focus, intermittent eye contact, agitation, and an animated mood, she also consistently demonstrated organized thought processes, orientation, alertness, pleasantness, a cooperative attitude, cleanliness, kempt appearance, and the absence of abnormal thought content or delusions. (Treatment Records of Bay Pines VA Hospital, Dkt. 14-11 at pp. 615-17, Dkt. 14-21 at pp. 1362-64, Dkt. 14-22 at pp. 1389-91, Dkt. 14-23 at pp. 1464-66, Dkt. 14-27 at pp. 1747-48). She also consistently denied a potential for violence or suicide. (*Id.*). Based on the evidence, the ALJ committed no error by concluding that Dr. Chobot-Sochet's unremarkable treatment history does not support her opinion that Plaintiff is totally unemployable.

The ALJ's determination to accord little weight to Dr. Chobot-Sochet's opinion must also be reviewed in the context of her findings regarding Plaintiff's credibility. As noted by the ALJ, Plaintiff self reported some of the symptoms noted by Dr. Chobot-Sochet, including some unpleasant side effects from medications. (Decision, Dkt. 14-2 at pp. 26-27). And the ALJ found that Plaintiff was not entirely credible when it came to her statements about the intensity, persistence, and limiting

effects of her symptoms. (*Id.* at p. 23). The ALJ based that finding on, among other things, Plaintiff's failure to provide any evidence of medical treatment for the first year following the alleged onset date of her disability, her admission of continuing marijuana and cocaine use throughout her treatment, her failure to follow her treatment plan, her failure to take her medication, and her "questionable effort" in therapy. (*Id.* at pp. 23-26).

It is also apparent that, in determining Plaintiff's credibility, the ALJ accorded great weight to her own statements that she was able to live independently, cook, clean, work on a computer, succeed in school, apply for and receive financial support, maintain a relationship with her girlfriend, and travel, despite her consistent drug use and the claimed severity of her impairments. (*Id.* at pp. 23-27). Based largely on those admissions, and on the evidence showing treatment compliance concerns, the ALJ found that the evidence did not support Plaintiff's arguments of disabling mental health issues. (*Id.* at p. 24). The ALJ's findings regarding her credibility are entitled to great deference, *see Hunter*, 808 F.3d at 822, and are not plainly erroneous. The ALJ, therefore, did not err in according less weight to Dr. Chobot-Sochet's opinion, to the extent it is based on Plaintiff's subjective statements about her symptoms.

In conclusion, the ALJ clearly articulated that she accorded little weight to Dr. Chobot-Sochet's opinion because it was conclusory, was contradicted by the evidence, and was not supported by her own treatment records. To the extent Dr. Chobot-Sochet's opinions are based on Plaintiff's subjective statements about her symptoms, the ALJ clearly articulated how the evidence shows those statements were not entirely credible. Because there is substantial evidence supporting the ALJ's reasons, and those reasons constitute good cause for rejecting the opinion of Plaintiff's treating physician, *see Phillips*, 357 F.3d at 1241, the ALJ committed no error in according little

weight to Dr. Chobot-Sochet's opinion that Plaintiff's mental impairments render her totally unemployable.[5]

### C.  *The ALJ's Finding that Plaintiff Can Perform Her Past Relevant Work*

Based on the findings regarding Plaintiff's RFC, the ALJ determined that she could perform her past relevant work of an admitting officer and bakery worker. (Decision, Dkt. 14-2 at pp. 28); *see also* 20 C.F.R. § 416.920(a)(4)(iv) (providing that a claimant is not disabled if she can perform her past relevant work). The ALJ relied on a vocational expert who characterized those occupations as sedentary, semi-skilled work and as light, unskilled work, respectively, which would accommodate Plaintiff's limitations:

> [S]he can frequently, as opposed to constantly, climb ramps, stairs, ladders, ropes, or scaffolds. The claimant can frequently balance, kneel, and crawl, as well as occasionally stoop and crouch. She can tolerate occasional exposure to wetness and humidity, as well as occasional exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant can tolerate occasional exposure to vibrations and occasional exposures to hazards, such as moving mechanical parts of equipment, tools, or machinery. She can perform more than simple tasks, but less than complex tasks.

(Decision, Dkt. 14-2 at p. 22, 28). Plaintiff makes no specific challenges to the Magistrate Judge's Report and Recommendation concerning her ability to perform her past relevant work. (Objection, Dkt. 21). As noted, she makes only a general objection that no reasonable person would find that she is able to work eight hours a day, five days a week. (*Id.*).

Upon review, the ALJ committed no error. The ALJ properly considered Plaintiff's medical

---

[5] The ALJ also independently considered whether Plaintiff's mental impairments meet the requirements of listed impairments and therefore establish disability. (Decision, Dkt. 14-2 at pp. 21-22). The ALJ committed no error in finding that she is not disabled because her mental impairments do not result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation of extended duration. (*Id.*) (citing 20 C.F.R. pt. 404, subpt. P, app. 1).

history, her self reported ability to perform daily activities, and other evidence in making the determination that she is capable of maintaining full-time employment in the same sedentary or light occupations that she held in the past. (Decision, Dkt. 14-2 at p. 28), *see also* 20 C.F.R. § 404.1545(a)(3) (providing that the Commissioner assesses a claimant's RFC "based on all of the relevant medical and other evidence"). There is substantial evidence supporting that determination, including evidence that she received only modest treatment for physical pain, has only mild to moderate pulmonary obstruction, performs well in school, received a Pell Grant, pursued financial assistance from charities, managed a budget for tuition and living expenses, traveled, and maintained a relationship with her girlfriend. (Decision, Dkt. 14-2 at pp. 23-24, 26).[6]

## IV. CONCLUSION

Plaintiff's Objections are **OVERRULED**. Plaintiff's request for oral argument is **DENIED**. The Report and Recommendation (Dkt. 20) is **APPROVED** and **ADOPTED** as the opinion of the Court for all purposes, including for appellate review. The decision of the Commissioner is **AFFIRMED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant pursuant to 42 U.S.C. § 405(g) and **CLOSE** the file.

**DONE AND ORDERED** this _15th_ day of September, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[6] Because Plaintiff did not prove that she is unable to perform her past relevant work, there was no need for the ALJ to determine whether there are additional jobs in significant numbers in the national economy that she can perform in light of her RFC. *See Jones*, 190 F.3d at 1228.